IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BARRY W. FLETCHER,<br><br>          Petitioner,<br><br>vs.<br><br>BRAD HANSEN,<br><br>          Respondent. | 8:18CV275<br><br>**MEMORANDUM<br>AND ORDER** |

      Petitioner Barry W. Fletcher has filed a "Request for Relief of Judgment Under Rule 60(b)(4)" (filing no. 1), which has been docketed as a petition for writ of habeas corpus, a supplement to the petition (filing no. 6), and a motion to proceed in forma pauperis (filing no. 4). The court's records reflect that Fletcher recently paid the $5.00 filing fee, so I will deny his motion to proceed in forma pauperis as moot. Conducting an initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I conclude that the petition should be dismissed.

      Fletcher has filed the present action asking the court to grant him relief from the judgment of conviction entered in the Lancaster County District Court of Nebraska in Case No. CR07-328 and to declare said judgment void. In CR07-328, Fletcher was found guilty after a jury trial of Burglary, Theft, and Possession of Burglar's Tools and received a habitual offender sentencing enhancement on each of the three counts. (Filing No. 1 at CM/ECF p. 2; Filing No. 6 at CM/ECF pp. 5.) Liberally construed, summarized and condensed, Fletcher now attacks his conviction alleging the judgment is void because (1) the trial court lacked jurisdiction due to a fatally defective Amended Information; (2) the trial court failed to properly instruct the jury in violation of due process; (3) Fletcher's sentence enhancement for being a habitual criminal constitutes a denial of equal

protection and due process; and (4) no valid judgment of conviction was signed by the trial judge and entered by the clerk.

Fletcher seeks relief from a state-court judgment of conviction which he has unsuccessfully challenged twice before in habeas petitions under 28 U.S.C. § 2254. (*See Fletcher v. Gage*, Case No. 4:14CV3214 (D. Neb.) (dismissing petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 with prejudice); *Fletcher v. Frakes*, Case No. 8:16CV468 (D. Neb.) (dismissing § 2254 habeas petition as successive)). However, it is clear from the form of the petition that Fletcher seeks relief pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure[1] as a stand-alone request and has not sought to raise his present request for relief in either of his closed federal habeas cases, 4:14CV3214 or 8:16CV468. Fletcher cannot use Rule 60 to attack his state criminal judgment.

"It is well established that a Rule 60(b) motion may not be used to 'relieve a party from operation of a judgment of conviction or sentence in a criminal case.'" *United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) (quoting *United States v. Hunt,* No. 4:07–CR–121, 2008 WL 4186258, at *1 (E.D.Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)")). Rule 60(b)(4) "is a rule of civil procedure and thus not available to challenge criminal judgments, nor may it be used to challenge state judgments of any sort in federal court." *Sherratt v. Friel*, 275 F. App'x 763, 767 n.1 (10th Cir. 2008). "At best, in its discretion a district court may choose to interpret a 60(b)(4) motion attacking a state criminal judgment as a § 2254 petition, but all the strictures of AEDPA will apply." *Id.* (citing *Gonzalez v. Crosby,* 545 U.S. 524, 531–35 (2005) (explaining proper role of Rule 60(b) in habeas cases)).

---

[1] Rule 60(b)(4) states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void." Fed. R. Civ. P. 60(b)(4).

Construing Fletcher's 60(b)(4) motion as a § 2254 habeas petition, likewise, affords him no relief. As stated, Fletcher unsuccessfully challenged this same judgment of conviction in this court in Case Numbers 4:14CV3214 and 8:16CV468. Thus, Fletcher would be required to seek the permission of the Court of Appeals to commence this successive action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (filing no. 4) is denied as moot.

2. Petitioner's habeas corpus petition (filing no. 1; filing no. 6) is denied and dismissed with prejudice. The court will not issue a certificate of appealability in this matter. A separate judgment will be entered in accordance with this order.

Dated this 31st day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge